IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


TEXARKANA BEHAVIORAL
ASSOCIATES, L.C., a wholly
owned subsidiary of NEW
BOSTON ENTERPRISES, INC.                                           PLAINTIFF


V.                          CASE NO. 08-CV-4031


UNIVERSAL HEALTH SERVICES, INC.                                    DEFENDANT


**ORDER**

Before the Court is Defendant's Motion for Attorneys' Fees and Costs. (Doc. 137). Plaintiff has responded to the motion. (Doc. 139). Defendant has filed a reply. (Doc. 148). The Court finds the matter ripe for consideration.

The applicable Arkansas statute states that a prevailing party in a contract suit "may be allowed a reasonable attorney's fee to be assessed by the court." Ark. Code Ann. § 16-22-308. The statute provides the Court with the discretion to award fees. *Angelo Iafrate Const., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 723 (8th Cir. 2004). In other words, no award of fees is mandatory. *Id*.

Defendant is the prevailing party in this case. In support of its assertion that it should be awarded attorneys' fees, Defendant states that this case is primarily a breach of contract case and that it spent a considerable amount of time and resources defending this matter. However, the Court notes that Plaintiff asserted two other claims in this case along with the breach of contract claim:

(1) misappropriation of trade secrets and (2) tortious interference with a contractual relationship. The Court notes that when an action asserts a contract claim in addition to other bases of recovery, statutory attorneys' fees may be awarded when the action is based primarily in contract. *Jiles v. Union Planters Bank*, 90 Ark. App. 245, 247, 205 S.W.3d 187, 189 (2005). However, this case sounds in both tort and contract, and the Court is not convinced that the action is based primarily in contract. Even if the case was primarily a contract case, the Court would be hesitant to award attorneys' fees in this particular matter. Accordingly, the Court declines to award attorneys' fees to Defendant in this case.

**IT IS SO ORDERED**, this 12th day of May, 2011.

                                                        /s/ Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              United States District Judge